UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23099-CIV-GOLD/DUBÉ

ALFREDA L. WILLIAMS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion for Summary Judgment filed by the Defendant (D.E. #18) and the Motion for Summary Judgment filed by the Plaintiff (D.E. #19) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. The issue before this Court is whether the record contains substantial evidence to support the denial of benefits to Plaintiff, Alfreda L. Williams (hereinafter "Williams" or "Plaintiff").

### I. FACTS

The Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of May 19, 2004. (R. 17).[1] The applications were denied initially and on reconsideration. (R. 30-35, 44-55, 733-743). An initial hearing was held on February 6, 2008. (R. 750-764). Following the hearing, the ALJ issued a decision denying the request for benefits. (R. 14-29). A request for review filed with the Appeals Council was denied. (R. 9-12).

---

1. All references are to the record of the administrative proceeding filed as part of the Defendant's answer. Copies of the applications do not appear in the record but are referred to by the ALJ in his opinion. (R. 17).

The Plaintiff, age 49 at the time of the hearing on February 6, 2008, testified that she graduated from high school and completed 4 years of college. Williams stated she previously worked as a corrections officer but stopped working in 2004 because of chest pains. The Plaintiff also stated that since 2004 she has been hospitalized every year. (R. 754). The Plaintiff testified she sees her primary care physician every three to four months. According to Williams, each hospitalization lasts for one week. She explained that the hospitalizations are caused by severe anemia, prolapsed valve, heart murmur, congestive heart failure and COPD. The Plaintiff stated she takes approximately 13 different medications.

The Plaintiff testified she has a driver's license but does not have a car because it was repossessed. (R. 755). Williams stated she lives with her son who is not in school but has a job. (R. 755-756). She further stated she sleeps about two hours a night before waking up and falling back asleep for 30 minutes. She never sleeps for eight hours straight and takes naps during the day. According to the Plaintiff, she can "maybe" walk 10 minutes, stand 10 minutes, sit 15 minutes, and mostly lays down. (R. 756). Williams further testified she can lift about five pounds. (R. 756-757). The Plaintiff stated she takes iron tablets three times a day for the anemia. She also testified she doesn't participate in outdoor activities or attend church because she cannot sit.

Additionally, the Plaintiff stated that between 6:00 a.m. and noon she watches television, will eat something, take her medications and lay back down. Williams added her son does the dishes, laundry, housework and cooking, but she will occasionally put something in the microwave. The Plaintiff further testified that between noon and 7-8:00 p.m. she lays down and takes her medications. According to the Plaintiff, she has been to the emergency room two or three times a year. (R. 757). The Plaintiff added that she goes to the emergency room for shortness of breath and chest pains. According to Williams, she gets chest pains every day but sometimes they are more severe. She

takes nitroglycerin which sometimes helps but if it does not she proceeds to the emergency room. The Plaintiff stated she has diabetes which makes her tired and weak, and for which she takes medication. (R. 758). The Plaintiff also stated she has hypertension for which she takes medication that makes her head "swim" and she sees "little darts." The Plaintiff testified she has a bulge in L4-5 as a result of three accidents. She explained that the disc bulge causes her sciatic nerve to start hurting and also causes pain in her right leg. (R. 759).

Williams also stated that as a result of her heart problem, she has problems with her left arm and left hand. Additionally, the Plaintiff testified she suffers from carpal tunnel syndrome in the left hand. (R. 760). The Plaintiff explained that her job as a corrections officer was "heavy or stressful" because she had to subdue inmates, take them to doctors, or lift them. The Plaintiff further stated she had a new test scheduled after the hearing because fluid in her lungs was giving her problems breathing. (R. 761).

According to the Plaintiff, she briefly worked in 2005 and 2006 watching her four year old grandson. She stated that lifting him was not required because he could walk and that as of the hearing she was no longer watching him. She further stated she needed the extra income to help pay her bills which is why her daughter paid her to watch him. (R. 762). The Plaintiff explained she did not watch him everyday and it was only for several hours at a time. (R. 763).

In addition to the testimony presented at the hearing, medical records were submitted to the ALJ. However, a review of the medical records and the specific issues raised by the Plaintiff in her Motion for Summary Judgment shows the resolution of the issues do not require this Court to specifically set out all the medical evidence in detail. Accordingly, this Court will discuss the legal issues involved and will incorporate the facts as appropriate within the arguments presented below.

After a hearing and review of the record, the ALJ issued an opinion finding that the Plaintiff

had the following severe impairments: hypertension with mitral valve prolapse, neck and back pain, and new onset non-insulin dependent diabetes. (R. 20). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that meets or equals a listing. (R. 21). The ALJ determined that the Plaintiff retained the residual functional to perform a full range of light work. (R. 21-22). The ALJ found that the Plaintiff could not return to her past relevant work but based on her age, education, work experience and RFC there were jobs that exist in significant numbers in the national economy which the Plaintiff could perform. (R. 28). The ALJ concluded that the Plaintiff was not disabled within the meaning of the Social Security Act. (R. 29).

## II. LEGAL ANALYSIS

Judicial review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. section 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Kelley v. Apfel, 185 F.3d 1211, 1213 (11th Cir. 1999); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence" is more than a scintilla, but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Foote v. Chater, 67 F.3d 1553 (11th Cir. 1995); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). The reviewing court must also be satisfied that the decision of the Commissioner correctly applied the appropriate legal standards. See, Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). The court may not reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must

affirm if the decision is supported by substantial evidence. See, Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Baker v. Sullivan, 880 F.2d 319 (11th Cir. 1989).

The restrictive standard of review set out above applies only to findings of fact. No presumption of validity attaches to the conclusions of law found by the Commissioner, including the determination of the proper standard to be applied in reviewing claims. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The failure by the Commissioner to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. Cornelius v. Sullivan, 936 F.2d 1143, 1145-1146 (11th Cir. 1991).

Social Security regulations establish a five-step sequential analysis to arrive at a final determination of disability. See, 20 C.F.R. section 404.1520; 20 C.F.R. section 416.920 (a)-(f).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. 20 C.F.R. section 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If such a finding is not made, then a finding of non-disability results, and the inquiry ends. 20 C.F.R. section 404.1520(c).

At step three, the ALJ compares the claimant's severe impairments to those in the listing of impairments. 20 C.F.R. section 404.1520(d), subpart P, appendix I. Certain impairments are so severe, whether considered alone or in conjunction with other impairments, that if such impairments are established, the regulations require a finding of disability without further inquiry into the claimant's ability to perform other work. See, Gibson v. Heckler, 762 F.2d 1516, 1518, n.1 (11th Cir. 1985). If the impairment meets or equals a listed impairment, disability is presumed, and benefits are awarded. 20 C.F.R. section 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing his or her past relevant work. If the claimant cannot perform his or her past relevant work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show, at step five, that there is other work available in the national economy which the claimant can perform. 20 C.F.R. section 404.1520(e)-(f).

The claimant bears the initial burden of proving that she is unable to perform previous work. See, Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). The inability to perform previous work relates to the type of work performed, not to merely a specific prior job. See, Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986).

The Plaintiff's first point of contention is that the ALJ erred in discrediting the Plaintiff through several misrepresentations of fact. The Plaintiff raises several specific instances where she contends the ALJ misstated either her testimony or the medical record. Specifically, the Plaintiff contends the ALJ erred by inferring that because the Plaintiff earned income as a babysitter between 2005-2006 she was thereby able to perform light work jobs.

It is well established that pain alone can be disabling. Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987). In determining whether the Plaintiff suffers from disabling pain; the following test must be satisfied:

> [T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

Lamb v. Bowen, 847 F.2d 698, 702 (11th Cir. 1988).

The credibility of the Plaintiff's testimony must also be considered in determining if the

underlying medical condition is of a severity which can reasonably be expected to produce the alleged pain. Lamb, at 702. If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Wilson v. Barnhart, 284 F. 3d 1219, 1225 (11th Cir. 2002). Failure to articulate the reasons for discrediting subjective testimony requires as a matter of law, that the testimony be accepted as true. Id.[2]

With regard to the Plaintiff's work in 2005-2006, the ALJ stated as follows[3]:

> ... the work activity negatively affected her credibility regarding her allegations of total disability and of the severity of symptoms. Per her own testimony, this claimant was able to care for a young child, which can be quite demanding both physically and emotionally, especially without any particular assistance. Further, in her statements to this Agency and at the hearing, the claimant alleged that she had the same disabling symptoms from her impairments not only at the time of the alleged onset day in 2004, but at every moment after that. The fact that symptoms from these impairments did not prevent the claimant from providing baby sitting services after 2004, strongly suggests that it would not currently prevent work. Applying this rationale, I can reasonably conclude that the claimant's allegations of severe and disabling symptoms are not credible.

(R. 19). With regard to the Plaintiff's use of medications, the ALJ stated: "The claimant testified she is currently taking 13 medications for anemia, but recanted her own words and stated she only took 3 iron tablets 3 times a day for anemia." (R. 20).

The Plaintiff testified, as outlined herein above, that she watched her grandson several days a week for a couple of hours at a time. (R. 763). The ALJ recognized the work performed by the Plaintiff did not reach the level of substantial gainful employment. (R. 19). Additionally, the Plaintiff

---

2. In the instant matter, the issue before the Court is specifically the issue of the Plaintiff's credibility. As such, the Court will focus its review on the ALJ's review of the Plaintiff's credibility.

3. The ALJ recognized in his opinion that the earning of $7,633.67 in 2005 and $6,938.00 in 2006 did not reach substantial gainful activity. (R.19).

7

testified that she could not cook, perform household chores, spent most of the day laying down and performed minimal activities. (R. 757). With regard to her medications, the ALJ and the Plaintiff had the following colloquy:

> Q. And you have been hospitalized for how long for each year?
>
> A. Approximately a week at a time.
>
> Q. And why a week? For what reason?
>
> A. The reasons are I'm a severe anemic. I have a prolapsed valve. I have a heart murmur. I have congestive heart failure, COPD.
>
> Q. How many different medications are you taking now, in number?
>
> A. Approximately 13.

(R. 755). The Plaintiff was later asked whether she was taking any medication for the anemia, to which she responded, "I take iron tablets three times a day." (R. 757).

The Court finds that the ALJ erred in finding the Plaintiff non-credible on that basis. It is the opinion of this Court that the ALJ misstated the Plaintiff's testimony in stating that she "testified she is currently taking 13 medications for anemia, but recanted her own words." (R. 20). It is clear to the Court that the Plaintiff first testified generally as to the total number of medications she was taking and when asked specifically about medications for anemia replied that she was taking tablets 3-times a day. Accordingly, it is the opinion of the Court that the ALJ erred in finding the Plaintiff non-credible. Remand is required so that a new hearing can be conducted and a new analysis of the Plaintiff's credibility can be made.

The Plaintiff has raised many other issues in her motion of which are now moot. However, the Court will briefly address same so they can be properly considered on remand. Namely, the

Plaintiff contends the ALJ erred in finding the Plaintiff's impairment of anemia was a non-severe impairment.

The determination of whether an impairment is severe or not severe at step two of the sequential analysis is a threshold inquiry. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The court in McDaniel elaborated on the requirements for a finding of severity as follows:

> It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

McDaniel, 800 F.2d at 1031; see also, Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987).

On December 7, 2001, the Plaintiff was admitted to Mount Sinai Hospital secondary to iron deficient anemia. (R. 176). A progress report on February 22, 2002, showed that the Plaintiff reported fatigue due to anemia but was responding to supplements. (R. 179). The Plaintiff was again admitted to Mount Sinai Hospital on September 28, 2004 because of chest pain, secondary to in part, anemia. (R. 305). An examination at Jackson Health on June 1, 2006, revealed the Plaintiff was still suffering from fatigue as a result of anemia. (R. 687). The ALJ's assertion that the record does not reflect a history of fatigue secondary to anemia is contrary to the medical evidence of record and the impairment is such which the Plaintiff has demonstrated to by not so slight and its effect not so minimal. Accordingly, the Court finds that on remand, the Plaintiff's chronic anemia should be reevaluated as a severe impairment.

The Plaintiff also contends that the ALJ improperly reviewed the Plaintiff's alleged obesity. With regard to the Plaintiff's claim that the ALJ did not properly consider her obesity in accordance

9

with SSR 02-1p, although the regulation instructs an ALJ to consider obesity at each level of the sequential evaluation the fact that she is obese, as is evidenced by the record does not give a presumption that the Plaintiff indeed suffers from additional limitations. This Court agrees with the ALJ that there is no evidence in the record to support that obesity in fact placed additional limitations on the Plaintiff nor that the ALJ failed in properly evaluating the Plaintiff's obesity.

The Plaintiff further contends that the ALJ failed to consider the combined effects of all the Plaintiff's impairments. However, the Eleventh Circuit decision of Wilson v. Barnhart pointed to specific language used in an ALJ decision that evidenced the ALJ's consideration of the plaintiff's combined effects; namely, "the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment', but he did not have an impairment *or combination of impairments* listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Wilson v. Barnhart, 284 F. 3d 1219, 1224-1225 (11th Cir. 2002). The ALJ in the instant case used the same specific language, as set out in Wilson, in making his decision and it is clear that the ALJ considered the Plaintiff's impairments in combination.

The Plaintiff next contends that the ALJ's RFC determination is not supported by substantial evidence.

The residual functional capacity is an assessment which is based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997), citing, 20 C.F.R. § 404.1545(a). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess ... her work-related abilities on a function by function basis.... Only after that may RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy." Freeman v. Barnhart, 220 Fed. Appx.

957, 960 (11th Cir. 2007).

Additionally, SSR 96-8p states as follows:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8p (4).

As the Court found herein that a new credibility analysis is needed and the Plaintiff's anemia must be reconsidered as a severe impairment, the ALJ's RFC evaluation is rendered moot and a new RFC determination must be made once the other issues are reexamined.

Finally, it is the Plaintiff's contention that the ALJ failed to properly develop the record because a consultative examination had not been conducted since 2005 and the Plaintiff's condition worsened since that time. The Plaintiff also contents that a report submitted on March 7, 2008 was improperly rejected.

It is the duty of the ALJ to fully and fairly develop the record. See, Graham v. Apfel, 129 F.3d 1420, 1422-1423 (11th Cir. 1997). Development of a full record may include ordering a consultative examination to enable the ALJ to make an informed decision. Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988); West v. Barnhart, 300 F.Supp.2d 1264, 1271 (S.D. Fla. 2003).

On remand, the Court further finds that the ALJ should review the interim report submitted by the Plaintiff on March 7, 2008 so that new evidence regarding the Plaintiff's pulmonary functioning can be reviewed and the full picture of the Plaintiff's alleged impairments can be evaluated.

11

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court finds that the decision of the ALJ was not supported by substantial evidence and that the correct legal standards were not applied. Therefore, it is the recommendation of this Court that the decision of the Commissioner be **REVERSED and REMANDED** for further evaluation. Accordingly, the Motion for Summary Judgment filed by the Plaintiff (D.E. #18) should be **GRANTED in part** and the Motion for Summary Judgment filed by the Defendant (D.E. #19) should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Alan S. Gold, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this 8 day of January, 2010.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE